IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KOBE PINKNEY,                                                  Civil Action No.: 1:19-CV-00167-RAL

      Plaintiff,

v.

MEADVILLE, PENNSYLVANIA; POLICE
CHIEF MICHAEL J. TAUTIN; PATROLMAN
JARED FRUM; ALLEGHENY COLLEGE;
SERGEANT WILLIAM MERCHBAKER;
FIRST ASSISTANT DISTRICT ATTORNEY
PAULA DIGIACOMO; MEADVILLE
TRIBUNE; COMMUNITY NEWSPAPER
HOLDINGS, INC.; and KEITH GUSHARD,

      Defendants,

## THE MEDIA DEFENDANTS' BRIEF IN SUPPORT OF MOTION
## TO DISMISS COUNTS VII, IX, AND XI OF PLAINTIFF'S AMENDED COMPLAINT

Defendants Meadville Tribune, Community Newspaper Holdings, Inc.,[1] and Keith Gushard (collectively, the "Media Defendants") file this Motion to Dismiss pursuant to Fed R. Civ. P. 12(b)(6). Plaintiff Kobe Pinkney ("Plaintiff") pleads in the Amended Complaint that the publication in the Meadville Tribune of two truthful, non-defamatory articles – containing publicly available information – gives rise to claims for intentional infliction of emotional distress (Count XI), invasion of privacy by way of an unreasonable intrusion (Count IX) and "false light" invasion of privacy. (Count VII). Plaintiff's claims fail as a matter of law.

---

[1] Defendant, Meadville Tribune, is owned by CNHI, LLC, which is the correct corporate name, not Community Newspaper Holdings, Inc., a name which is defunct. (Doc. 49 at ¶11).

Counts VII, IX, and XI should be dismissed with prejudice in their entirety for failure to state either the elements of, or relevant facts to support, a claim upon which relief may be granted. In the alternative, Count VII and Count XI should be dismissed because the Media Defendants are immune from liability under the Pennsylvania fair report privilege in accurately reporting on police reports and related law enforcement statements.

**STATEMENT OF ALLEGED FACTS[2]**

On April 7, 2019, Rhett Happel suffered injuries to the left side of his face due to an alleged assault. (Doc. 49 at ¶¶17-21). On April 11, 2019, Plaintiff was arrested and charged with crimes related to Rhett Happel's injuries. (Doc. 49 at ¶¶35-36). Plaintiff's arrest was reported by Defendant Keith Gushard and published in the Meadville Tribune. (Doc. 49 at ¶¶ 39, 49 and Doc. 49-1, pg. 14-15, Plaintiff Exhibit E). The article discussed the charges against Plaintiff and stated Plaintiff's address – the same information contained in the publicly available Police Criminal Complaint. (Plaintiff Exhibit E and Doc. 49-1, pg. 1-4, Plaintiff Exhibit A). On May 15, 2019, the Commonwealth withdrew the charges against Plaintiff. (Doc. 49 at ¶52). After the charges against Plaintiff were withdrawn, First Assistant District Attorney Paula DiGiacomo issued a "public statement…that even though the criminal charges against Plaintiff had been withdrawn and dismissed, Plaintiff nevertheless remained a suspect in the investigation" of the April 7, 2019 incident. (Doc. 49 at ¶154). Assistant District Attorney DiGiacomo's public statement was published in an article written by Defendant Keith Gushard and printed in the Meadville Tribune. (Doc. 49 at ¶154, Doc. 49-1, pages 21-22, Plaintiff Exhibit H).[3]

---

[2] The Media Defendants summarize only those facts alleged by Plaintiff necessary to adjudicate those claims made against them.
[3] The accuracy of the Meadville Tribune article by Keith Gushard – reporting on the First District Attorney's statement that Mr. Pinkney remained a suspect – is also confirmed by Defendant DiGiacomo. (*See* Doc. 54, Brief in

I. **LEGAL STANDARD**

When a plaintiff does not plead sufficient facts to support the claims he asserts in his complaint, a court should dismiss the claims pursuant to Fed. R. Civ. P. 12(b)(6). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

Applying *Iqbal* and *Twombly,* the Third Circuit has set forth a three-part analysis that the court must conduct in evaluating whether allegations in a complaint survive a 12(b)(6) motion to dismiss. *See Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id.* (citations omitted). While a district court must accept all of the complaint's well-pleaded facts as true, a complaint must do more than allege a plaintiff's entitlement to relief—it must "show" such an entitlement with facts. *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210-11 (3d Cir. 2009).

II. **ARGUMENT**

Each of Plaintiff's claims against the Media Defendants (Counts XI, IX and VII) are deficient.

---

Support of Defendant Paula DiGiacomo's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to F.R.C.P. 12(b)(6), at pages 2, 4-7, 9 ("[W]hile the criminal charges against Pinkney were withdrawn by the Commonwealth, the charges could be re-asserted pending further investigation, *as accurately recited in the newspaper article in question.*") (emphasis added)). Matters of public record, like Defendant's DiGiacomo's Brief, may be considered by the Court without converting the motion to one for summary judgment. (*Rogan v. Giant Eagle, Inc.,* 113 F. Supp. 2d 777,782 (W.D. Pa. 2000), aff'd, 276 F.3d 579 (3d Cir. 2001)).

In Count XI, Plaintiff alleges "outrageous conduct" on the part of each named defendant but fails to state the specific actions that constituted an intentional infliction of emotional distress. Further, assuming arguendo that the alleged outrageous conduct in Count IX is the publication of truthful, non-defamatory articles about Plaintiff, Count XI fails as a matter of law because publication of a news story does not constitute outrageous conduct in Pennsylvania.

In Count IX, Plaintiff asserts that the Media Defendants invaded his privacy through the publication of his home address. Plaintiff ignores that the Media Defendants' article published information available through a public record that was of the public interest. As such, Count IX fails as a matter of law.

In Count VII, Plaintiff avers the Media Defendants placed Plaintiff in a "false light" but fails to plead the essential element that the Media Defendants' selectively published true statements in a manner to create a false impression. Plaintiff also fails to plead the essential element that the Media Defendants acted knowingly or recklessly. Further, Plaintiff fails to allege that the Media Defendant's publication would offend a reasonable person.

Finally, and in the alternative, the Pennsylvania fair report privilege provides immunity to the Media Defendants when, as Plaintiff alleges, an article is published accurately describing a government action or function, which is what occurred in this case.

For all the reasons set forth in detail below, Plaintiffs' Complaint at Counts VII, IX and XI must be dismissed as to the Media Defendants.

  **A.**  **Count XI should be dismissed because the publication of true and non-defamatory information is not considered an intentional infliction of emotional distress as a matter of law.**

"To state a claim for intentional infliction of emotional distress, a plaintiff must plead that the defendant's conduct: (1) was intentional or reckless; (2) was extreme and outrageous; (3)

4

actually caused the distress; and (4) caused distress that was severe." *Fanelle v. LoJack Corp.*, 79 F. Supp. 2d 558, 565 (E.D. Pa. 2000) (applying Pennsylvania law).

To be considered "extreme and outrageous," the conduct "must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Cheney v. Daily News L.P.*, 654 Fed. Appx. 578, 583 (3d Cir. 2016) (citing *Hoy v. Angelone*, 720 A.2d 745, 754 (Pa. 1998). In the first instance, the court determines if the conduct is "extreme and outrageous such that recovery may be permitted." *Id.* (citing *Small v. Juniata College*, 682 A.2d 350, 355 (Pa. Super. 1996)). In Pennsylvania, the action has been found to lie in only a limited number of cases, and publication of a newspaper article is not one of those. *See Salerno v. Philadelphia Newspapers, Inc.*, 546 A.2d 1168, 1172 (Pa. Super. 1988) ("the publication of a newspaper article which merely reports a shooting incident and possible motives thereof, cannot support a cause of action for intentional infliction of emotional distress.").

Plaintiff has alleged in conclusory fashion that the Media Defendants engaged in "outrageous conduct," but pleads no facts to support such an assertion. Significantly, Plaintiff fails to plead that any statement published by the Media Defendants was false, in error or inaccurate at the time it was reported, or that the reporting in any way embellished the police reports or statements of law enforcement officials as provided to the Media Defendants. (*See* Doc. 49, generally). Plaintiff avers that the Media Defendants "engaged in outrageous conduct" with an intent to cause, or a reckless disregard for, Plaintiff's harm, but Plaintiff's Amended Complaint still fails to identify any specific acts that allegedly constituted the tortious conduct. (Doc. 49 at ¶180). On this basis alone, Count XI must be dismissed.

5

Moreover, the publication or reprinting of a truthful newspaper article, without more, is insufficient to support a claim for intentional infliction of emotional distress. *See Fanelle*. F. Supp. 2d at 565; *see also Salerno* 546 A.2d at 117. The court in *Fanelle* concluded:

> The complaint contains no allegations suggesting that [the defendant's] conduct was extreme and outrageous, and I conclude that under no set of facts could the reprinting of a truthful, non-defamatory newspaper article, without more, be considered utterly intolerable and beyond all bounds of decency.

*Id.* at 565.

At its core, Plaintiff's Complaint alleges that the Assistant District Attorney for Crawford County made a misleading statement[4], and the Media Defendants published it without any alleged error or embellishment in quoting the statement. In averring that the Media Defendants did nothing more than publish an accurate representation of the Assistant District Attorney's statements, Plaintiff has not plead any facts that indicate "extreme and outrageous" behavior. *See Fanelle*. F. Supp. 2d at 565; *see also Salerno*, 546 A.2d at 117. Plaintiff has failed to state a claim for intentional infliction of emotional distress. Thus, Count XI of the Complaint should be dismissed against the Media Defendants, with prejudice.

**B. Count IX should be dismissed because Plaintiff's home address is not a private fact and the information is of legitimate concern to the public.**

Establishing invasion of privacy through an intrusion upon seclusion requires a plaintiff to demonstrate "publicity, *given to private facts*, which would be highly offensive to a reasonable person and which are not of legitimate concern to the public." *Rudas v. Nationwide Mut. Ins. Co.*, CIV. A. 96-5987, 1997 WL 11302, at *6 (E.D. Pa. Jan. 10, 1997) (citing *Harris by Harris v. Easton Pub. Co.*, 483 A.2d 1377, 1384 (Pa. Super. 1984)) (emphasis added). "[A] fact contained within a public record is deemed a public fact" and is not a private fact. *Jackson v. Jackson*,

---

[4] The allegedly misleading statement from the Assistant District Attorney is that Mr. Pinkney remains a suspect notwithstanding the withdrawal of criminal charges against him. (Doc. 49 at ¶154).

CIV.A. 13-746, 2014 WL 4060571, at *16 (W.D. Pa. Aug. 15, 2014) (quoting *Jenkins v. Bolla*, 600 A.2d 1293, 1296 (Pa. Super. 1992)). "A public record is one necessarily kept in the discharge of duties imposed by law; any writing prepared, used or retained by an agency in pursuance of law or in connection with the transaction of public business is a public record." Jenkins v. Bolla, 600 A.2d 1293, 1296 (Pa. Super. 1992) (citing *Black's Law Dictionary* at 1107, 1145 (West, 5th ed., 1979)). Such public records are of "legitimate concern to the public." *Harris by Harris v. Easton Pub. Co.*, 483 A.2d 1377, 1385 (Pa. Super. 1984) (court records open to public inspection are of "legitimate concern to the public") (citing *Cox Broad. Corp. v. Cohn*, 420 U.S. 469, 492 (1975)).

Plaintiff claims that the Media Defendants intruded upon his seclusion by publishing Plaintiff's home address "in conjunction with an article" discussing Plaintiff's arrest. (Doc 49 at ¶169. However, "Plaintiff's name, address, [and] phone number...are not private facts actionable for an intrusion upon seclusion claim or publication of private life claim." *Brignola v. Home Properties*, L.P., CIV.A. 10-3884, 2013 WL 1795336, at *12 (E.D. Pa. Apr. 26, 2013). Further, Plaintiff ignores that his home address was part of the Police Criminal Complaint – a *public record* that can be accessed by any individual. (Plaintiff Exhibit A).[5] Plaintiff's own exhibit demonstrates that his address is not a "private fact." *See Jackson v. Jackson*, 2014 WL 4060571 at *16; *see also Brignola v. Home Properties*, L.P., 2013 WL 1795336 at *12; *cf. Com. v. Duncan*, 817 A.2d 455 (Pa. 2003) (individuals do not have an expectation of privacy in their name or address information corresponding to their bank account).

---

[5] Rule 201 of the Federal Rules of Evidence allows a court to take judicial notice of adjudicative facts. *See U.S. ex rel. Spay v. CVS Caremark Corp.*, 913 F. Supp. 2d 125, 139–40 (E.D. Pa. 2012) (citing Fed.R.Evid. 201(a)). Further, this Court may take judicial notice that the Police Criminal Complaint (Plaintiff Exhibit A) is available to the public. *See Id.* (quoting *Rouse v. II–VI Inc.,* No. Civ.A. 06–566, 2008 WL 398788, at *1 (W.D.Pa. Feb. 11, 2008)) ("On a motion to dismiss, courts take judicial notice of documents which are matters of public record such as...court-filed documents").

Plaintiff's pleading also fails to articulate that the home address of an individual suspected of violently assaulting an unarmed person is not a matter of public concern. Rather, the public has a right to know such publicly available information and Plaintiff has failed to assert otherwise. *See Bowley v. City of Uniontown Police Dept.*, 404 F.3d 783, 789 (3d Cir. 2005) (newspaper article discussing juvenile's arrest was a matter of public concern); *see also Harris by Harris v. Easton Pub. Co.*, 483 A.2d 1377, 1385 (Pa. Super. 1984) (public records are of "legitimate concern to the public"); *accord Strutner v. Dispatch Printing Co.*, 442 N.E.2d 129 (Ohio App. 10th Dist. 1982) (publishing of the name and address of the father of suspect in a murder case did not constitute an actionable invasion of privacy - information was readily available through public records and was a matter of legitimate public interest).

Moreover, Pennsylvania law makes clear that a plaintiff has no legal basis to request a court to interfere with the publication of public facts – the gist of Plaintiff's intrusion claim. *See Culver by Culver v. Port Allegany Rptr. Argus*, 598 A.2d 54, 56–57 (Pa. Super. 1991) ("An action based on [a right to privacy] must not become a vehicle for establishment of a judicial censorship of the press."). Count IX of the Complaint should be dismissed against the Media Defendants, with prejudice.

### C.  Count VII should be dismissed because Plaintiff has failed to plead that the Media Defendants recklessly and selectively printed statements in a manner that would create a false impression regarding government action.

A plaintiff can establish that he was placed in a false light by showing a defendant "selectively printed…statements or pictures in a manner that created a false impression." *Minor v. Cumberland Tp.*, CIV.A. 13-1821, 2015 WL 5691120, at *2 (W.D. Pa. Sept. 28, 2015) (quoting *Larsen v. Phila. Newspapers, Inc.*, 543 A.2d 1181, 1188 (Pa. Super. 1988) (en banc). Further, a defendant must create a false impression by *knowingly or recklessly* publicizing selective pieces of true information that would be *highly offensive to a reasonable person. See*

8

*Santillo v. Reedel*, 634 A.2d 264, 267 (Pa. Super. 1993) (citing *Larsen v. Philadelphia Newspapers, Inc.*, 543 A.2d 1181, 1189 (Pa. Super. 1988) (emphasis added). In other words, the tort of false light is committed when someone tells part of the story, and tells the worst parts of a story, to make another look bad. *Parks Miller v. Ctr. County*, 4:15-CV-1754, 2016 WL 2752645, at *12 (M.D. Pa. May 11, 2016), *aff'd sub nom. Miller v. County of Ctr.*, 702 Fed. Appx. 69 (3d Cir. 2017). Notably, "truthful information about an ongoing investigation" has not been found to be "offensive to a reasonable person." *Id.*; *see also Minor v. Cumberland Tp.*, 2015 WL 5691120 at *3 ("Plaintiff appears to believe that because she ultimately was exonerated, the mere report of her arrest puts her in a 'false light.' That cannot be the law.").

Significantly, the Media Defendants have done nothing more in this case than accurately report on the continuum of an ongoing investigation that involved Plaintiff Pinkney. The Media Defendants reported on the arrest of Mr. Pinkney and the alleged circumstances. (Plaintiff Exhibit E). The Media Defendants thereafter published an article reflecting that "the criminal case against Mr. Pinkney had been withdrawn and dismissed," quoting the First Assistant District Attorney who gave a public statement that plaintiff remained a suspect in the ongoing investigation (Doc. 49 at ¶56, Plaintiff Exhibit H).

Plaintiff has failed to plead that any reports by the Media Defendants regarding the statements made by police or other law enforcement were false or included inaccurate quotes of the ongoing investigation. Plaintiff has failed to plead that the Media Defendants knowingly (or recklessly) "selectively printed" any statements or facts from the police or district attorney. (*See* Doc. 49, generally). As pled, the Media Defendants published an article accurately reporting that the criminal case against Plaintiff had been "withdrawn and dismissed" and – as stated by the Assistant District Attorney – that Plaintiff "remained a suspect." (Doc. 49 at ¶154, Plaintiff

Exhibit H). Plaintiff does not claim that the reporting of the facts as provided in the Police Criminal Complaint or uttered by the Assistant District Attorney were false, embellished or misattributed in anyway.

Further, Plaintiff fails to assert any knowing or reckless actions taken by the Media Defendants that would offend a reasonable person. An article discussing the dismissal of charges against Plaintiff, but which includes a law enforcement official's statement that he remained a suspect, is not reckless conduct that would offend a reasonable person. *Parks Miller v. Ctr. County*, 2016 WL 2752645, at *12 (granting the defendants' motion to dismiss a false light claim because, *inter alia*, truthful statements regarding ongoing investigation into the plaintiff's conduct are not offensive to the reasonable person). Rather, the Media Defendants relayed information that was "truthful, concise, and not selective" in merely reporting the public actions and statements of the Crawford County District Attorney Office. *Id.* Plaintiff may have disliked that he was still considered a suspect by law enforcement officials, but liability for false light does not extend to an issue of legitimate concern to the public, such as a violent assault, where the details were not edited in such a way as to put a plaintiff in a false light. *Id.* There is no such allegation against the Media Defendants by Plaintiff of editing quotes or reports of law enforcement to create a false impression. Moreover, accurately reporting that the Assistant District Attorney still considered Plaintiff a suspect is not reckless nor offensive to a reasonable person. *See Id.*

Thus, Count VII of the Complaint must be dismissed against the Media Defendants.

**D.     In the alternative, Counts VII, XI and IX must be dismissed because the Media Defendants are protected from liability under the fair report privilege.[6]**

In accurately reporting the statements of the Crawford County District Attorney's Office and Police, the Media Defendants are immune from Plaintiff's claims under the Pennsylvania fair report privilege. Further, Plaintiff has not– because he cannot –plead any statements that would indicate the Media Defendants acted beyond the scope of the privilege.

"The fair report privilege allows a publisher to repeat defamatory statements made during covered proceedings (judicial proceedings, official government actions, legislative and executive sessions, law enforcement efforts) without being liable for defamation." *Fanelle v. Lojack Corp.*, CIV.A. 99-4292, 2000 WL 1801270, at *6 (E.D. Pa. Dec. 7, 2000) (citing Thomas McCarthy, *The Rights of Publicity and Privacy* § 8.67 p. 8–46 (1999)), *see also Sciandra v. Lynett*, 187 A.2d 586, 588 (Pa. 1963) ("Upon the theory that it is in the public interest that information be made available as to what takes place in public affairs, a newspaper *has the privilege to report the acts of the executive or administrative officials of government*.") (emphasis added). The media is privileged to publish what may otherwise be found to be defamatory information contained in investigations. *See Medico v. Time, Inc.*, 509 F. Supp. 268, 279 (E.D. Pa. 1980), *aff'd,* 643 F.2d 134 (3d Cir. 1981) (applying Pennsylvania law in concluding that the publication of a confidential investigation conducted by the Federal Bureau of Investigation was afforded the protection of the fair report privilege). Notably, the fair report privilege may be "forfeited if the publisher steps out of the scope of the privilege." *Sciandra v. Lynett*, 187 A.2d 586, 589 (Pa. 1963).

---

[6] This Court "may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint." *Phinisee v. Friewald*, 334 F. Supp. 3d 650, 657 (E.D. Pa. 2018) (citing *Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002) and *McPherson v. United States*, 392 F. App'x 938, 943 (3d Cir. 2010)).

The fair report privilege "is premised 'upon the theory that it is in the public interest that information be made available as to what takes place in public affairs.'" *Hudak v. Times Pub. Co., Inc.*, 534 F. Supp. 2d 546, 559 (W.D. Pa. 2008) (quoting *Sciandra v. Lynett*, 4187 A.2d 586, 588 (Pa. 1963)). Particularly, the privilege does not require a "'verbatim recitation' of the subject matter being reported on; it simply requires that the account provide a 'substantially accurate' summary." *Id.* at 560 (quoting *Tucker v. Philadelphia Daily News*, 848 A.2d 113 (Pa. 2004)). At issue in *Hudak* was the newspaper-defendant's coverage of a series of criminal complaints against the plaintiff. Among the plaintiff's claims included the assertion that the newspaper-defendant "intentionally ignored" that certain pending charges were likely to be dismissed. *Id.* at 564-565. The court found for the defendant, recognizing that the defendant's reporting "was substantially, if not completely, accurate" in reporting on those charges that were dismissed while ignoring the status of those charges that remained. *Id.* at 565.

In this instance, Plaintiff alleges that the Media Defendants accurately reported on the law enforcement efforts of Crawford County. (Doc. 49 at ¶¶154, 168). The First Assistant District Attorney provided a public statement on a "covered proceeding" – the criminal charges against Plaintiff and the ongoing investigation in an assault case – and the Media Defendants published an article accurately reporting on these law enforcement efforts and statements. Though plaintiff alleges that "overwhelming evidence was presented to the *Commonwealth*," Plaintiff does not allege that this information was discussed by the First Assistant District Attorney with the Media Defendants when he issued his public statement (Doc. 49 at ¶155).

Finally, Plaintiff's pleadings do not demonstrate that the Media Defendants' actions were beyond the scope of the fair report privilege. Plaintiff has not alleged the Media Defendants engaged in exaggeration, or embellishment or demonstrated an intent to defame. *See Sciandra v.*

*Lynett,* 187 A.2d at 589 (the privilege is lost by "exaggerated additions, or embellishments to the account...[or if] defamatory material is published solely for the purpose of causing harm to the person defamed."). The fair report privilege applies in this case and renders the Media Defendants immune from liability. Therefore, Counts VII, IX, and XI should be dismissed, with prejudice.

### III. CONCLUSION

For the reasons set forth above, Defendant moves this Court to dismiss Counts VII, IX and XI, with prejudice.

Respectfully submitted,

Date: October 14, 2019

/s/*Charles Kelly*
Charles Kelly, Esq. (PA 51942)
*Charles.Kelly@saul.com*
John A. Marty (PA 324405)
*John.Marty@saul.com*
SAUL EWING ARNSTEIN & LEHR
One PPG Place, 30th Floor
Pittsburgh, PA 15222
Tel.: (412) 209-2500
Fax: (412) 209-2585
*Attorney for Defendants Meadville Tribune, Community Newspaper Holdings, Inc., and Keith Gushard*