IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT COURT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| KOBE PINKNEY, | : | |
|     Plaintiff | : | |
| | : | CIVIL ACTION |
|     v. | : | |
| | : | 1:19-cv-00167-RAL |
| MEADVILLE, PENNSYLVANIA, | : | |
| & | : | |
| POLICE CHIEF MICHAEL J. TAUTIN, | : | |
| & | : | |
| PATROLMAN JARED FRUM, | : | |
| & | : | |
| ALLEGHENY COLLEGE, | : | |
| & | : | |
| SERGEANT WILLIAM MERCHBAKER, | : | |
| & | : | |
| FIRST ASSISTANT DISTRICT ATTORNEY PAULA DIGIACOMO | : | |
| & | : | |
| MEADVILLE TRIBUNE, | : | |
| & | : | |
| COMMUNITY NEWSPAPER HOLDING, INC., | : | |
| & | : | |
| KEITH GUSHARD, | : | |
|     Defendants, | : | |

_____

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

    Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading by leave of Court or written consent of the adverse party. "[L]eave shall be freely given when justice so requires."

    In **Forman v. Davis, 371 U.S. 178 (1962)**, this Court noted that Rule 15(a) declares that leave to amend shall be "freely given" when justice so requires and that "this mandate is to be heeded." **Id. at 230**. The Court noted that a Plaintiff ought to be afforded the opportunity to amend a complaint so long as there is no apparent undue delay, bad faith or dilatory motive on the part of the movant or

repeated failure to cure deficiencies by amendments previously allowed. The amendment will not cause any undue prejudice. Although the District Court has discretion to grant an amendment, "outright refusal to grant the leave without any justifying reasons appearing for the denial is not an exercise of discretion." **Id.**

"Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." **In re Burlington Coat Factory Secs. Litigation,** 114 F.3d 1410, 1434 (3d Cir. 1997); see also **Lorenz v. CS Corp.,** 1 F.3d 1406, 1413 (3d Cir. 1993).

The Third Circuit has found that "prejudice to the non-moving party is the touchstone for denial of an amendment." **Lorenz, 1 F.3d at 1414**. Plaintiff seeks leave to file an amended complaint to cure perceived deficiencies of his Equal Protection claim as well as buttress the factual pleadings. Clearly, Defendants cannot be prejudiced by virtue of Plaintiff's amended complaint.

Allowing Plaintiff to file his amended complaint will not prejudice any of the Defendants. Plaintiff has diligently presented this case and there have been no prior requests to amend the complaint in the *case sub judice*. In short there is no reason to deny Plaintiff's first request for leave to file his amended complaint.

## CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that this Honorable Court enter an Order granting Plaintiff's motion for leave to file his first amended complaint, attached hereto as Exhibit "A," ordering the Clerk to file Plaintiff's first amended complaint and deeming it filed as of the date of the Order and granting any additional relief as this Court deems just and proper.

Date:   September 14, 2019

                              Respectfully submitted:

  /s/ Earl Raynor_____
Earl Raynor, Esquire
PA Supreme Court I.D. No. 66849
1800 J.F.K. Boulevard
Third Floor
Box 103
Philadelphia, Pennsylvania 19103
(215)254-0299
Fax: (914)663-5116

*Counsel for Plaintiff*
*Kobe Pinkney*