IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KOBE PINKNEY, | ) Case No. 1:19-cv-00167 (Erie) |
| Plaintiff | ) |
| v. | ) RICHARD A. LANZILLO |
|  | ) UNITED STATES MAGISTRATE JUDGE |
| MEADVILLE, PENNSYLVANIA, et al, | ) |
|  | ) OPINION AND ORDER ON |
| Defendants | ) PLAINTIFF'S RULE 60(b) MOTION FOR |
|  | ) RELIEF FROM JUDGMENT |
|  | ) (ECF NO. 72) |

Plaintiff Kobe Pinkney (Pinkney) moves for relief from the Court's order and judgment dismissing his Amended Complaint under Federal Rule of Civil Procedure 60(b). For the reasons that follow, the motion is GRANTED in part and DENIED in part.[1]

I.   Introduction

A great jurist of this Court, the Honorable Maurice B. Cohill, Jr., would occasionally invoke the line from Shakespeare's *Hamlet*, "For 'tis the sport to have the enginer *hoist with his own petard*,"[2] when a party's own pleading or other submission fatally damaged his case. In his Amended Complaint, Pinkney alleged that an eyewitness twice identified him as the person who viciously attacked Rhett Happel. And, during oral argument on the defendants' motions to dismiss the Amended Complaint, Pinkney's counsel again acknowledged the definitive nature of this eyewitness identification and disclaimed any inaccuracy in or omission from Officer Jared Frum's affidavit of probable cause in support of the warrant for Pinkney's arrest. The eyewitness identification was

---

[1] The parties are familiar with the factual and procedural background of this case and, accordingly, the Court will restate only the relevant background in this Opinion and Order.

[2] *Hamlet*, Act 3, Scene 4.

1

material to this Court's decision to grant Officer Frum's motion to dismiss the false arrest, false imprisonment and malicious prosecution claims against him. *See* ECF No. 70, pp. 4-5, 12-13.

In his pending Rule 60(b) motion for relief from judgment, Pinkney has come forward with evidence to show that his admissions were misinformed and that, in fact, the witness did not definitively identify him as Happel's assailant but, instead, only described him as "looking an awful lot like" the attacker while noting possible discrepancies between the assailant and a picture of Pinkney. ECF No. 75, ¶18; ECF No. 75-1. While the distinction between the facts as alleged in the Amended Complaint and the witness's more equivocal identification may seem slight, when viewed in the context of the other allegations of the Amended Complaint, they change the probable cause and qualified immunity analysis sufficiently to nudge certain of Pinkney's claims against Officer Frum from invalid to plausible. Further, although Pinkney arguably had the means to discover this new evidence before and during the pendency of this action, the Court finds that his failure to do so was the result of excusable neglect and therefore not a bar to relief from judgment.

Accordingly, the Court will grant Pinkney's motion, vacate the judgment against Frum, and reopen the case to allow Pinkney to file a second amended complaint alleging the additional facts he has recently discovered. This relief, however, is limited to Pinkney's false arrest, false imprisonment and malicious prosecution claims against Frum. The Court finds that the new facts proffered by Pinkney do not alter the Court's decision to dismiss the other federal claims of the Amended Complaint. To the extent Pinkney's motion seeks relief as to these claims, the motion will be denied.

II.     Discussion

Fed. R. Civ. P. 60(b) permits a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly

discovered evidence. *Gonzalez v. Crosby*, 545 U.S. 524, 529, 125 S. Ct. 2641, 162 L.Ed.2d 480 (2005). "[I]nadvertence, surprise, or excusable neglect" are additional circumstances by which relief may be granted. *Id.* *See also* Fed. R. Civ. P. 60(b)(1). "The remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it." *Moolenaar v. Gov't of the Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987); *see also Bailey v. Blaine*, 2020 WL 1249686, *5 (W.D. Pa. Feb. 28, 2020). Additionally, a motion brought under 60(b) "may not be used as a substitute for appeal, and … legal error, without more cannot justify granting a Rule 60(b) motion." *Holland v. Holt*, 409 Fed. Appx 494, 497 (3d Cir. 2010) (quoting *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988)).

In this case, Pinkney asserts that he discovered evidence upon which he can further amend his complaint to allege additional facts to state plausible constitutional claims against Officer Frum for false arrest, false imprisonment, and malicious prosecution. The first item of new evidence upon which Pinkney bases his motion is information he recently obtained from a witness, Silas Garrison, who asserts that he was present at Julian's Bar on the night of the assault and was interviewed by Frum. According to Pinkney's submissions, Garrison further stated that he told Frum that he did not observe Pinkney at the bar that night. *See* ECF No. 75, ¶11. If this were the only new evidence Pinkney offered in support of his motion, it would not warrant relief under Rule 60(b) because the fact that one person did not observe Pinkney on the night of the assault does not negate the other information upon which the Court found probable cause for Pinkney's arrest. Further, Pinkney has not offered a reasonable explanation for his failure to identify Garrison and the information he conveyed prior to the dismissal of his claims.

The second item of new evidence Pinkney proffers, however, does materially impact the issue of probable cause and the Court is satisfied with the reasonableness of Pinkney's explanation for its late discovery. After this Court's entry of judgment, Pinkney obtained a copy of Officer Frum's police investigation report regarding the assault upon Happel. ECF Nos. 75, 75-1. This

3

report is distinct from the affidavit of probable cause Frum submitted in support of the arrest warrant. In contrast to Frum's statement in his affidavit of probable cause that an eyewitness "recognized Pinkney as the black male that punched Happel," Frum's investigation report states that the witness actually "stated that Pinkney looked an awful lot like the one that punched Rhet [Happel] at the bar." The report also acknowledged that the witness noted that the pictures of Pinkney upon which the witness "identified" him as the assailant showed that Pinkney had shorter hair than the person who struck Happel. This new information has the potential to cast Frum's affidavit of probable cause in a new light. The affidavit of probable cause can be read as representing that the witness definitively identified Pinkney as the assailant while the investigation report indicates witness's equivocation in his identification. This difference not only has the potential to raise concerns about the reasonableness of Frum's belief that probable cause existed to arrest Pinkney, it also raises an issue concerning the accuracy and completeness of the affidavit of probable cause Frum submitted to convince the magisterial district judge to issue the arrest warrant. As this Court explained in its opinion dismissing Pinkney's constitutional claims against Frum, Pinkney's Amended Complaint did not allege that Frum misrepresented or omitted any material information in his affidavit of probable cause:

> Significantly, the Amended Complaint does not allege that Officer Frum misrepresented or failed to disclose any facts to the magisterial district judge when he applied for the arrest warrant. An arrest warrant issued by judicial officer "does not, in itself, shelter an officer from liability for false arrest." *Wilson v. Russo*, 212 F.3d 781, 786 (3d Cir. 2000) (citing *Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3d Cir.1997)). "Rather, a plaintiff may succeed in a § 1983 action for false arrest made pursuant to a warrant if the plaintiff shows, by a preponderance of the evidence: (1) that the police officer 'knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant;' and (2) that 'such statements or omissions are material, or necessary, to the finding of probable cause.'" *Id.* (quoting *Wilson*, 212 F.3d at 786-87); *Lippay v. Christos*, 996 F.2d 1490, 1500–01 (3d

4

>>Cir.1993)) (holding that "[i]n order to prevail on [a § 1983] claim [for unlawful arrest], [a plaintiff] needed to satisfy the test enunciated in *Franks v. Delaware*, 438 U.S. 154, 171, 98 S. Ct. 2674, 57 L.Ed.2d 667 (1978), which requires a showing that the maker of the affidavit either stated a deliberate falsehood or acted with a reckless disregard for the truth; [p]roof of negligence or innocent mistake is insufficient[, a plaintiff must] ... demonstrate that [the police officer] acted with reckless disregard for the truth, [as well as] prove that [the officer] made the statements in his affidavits with a high degree of awareness of their probable falsity") (quoting *Garrison v. Louisiana*, 379 U.S. 64, 74, 85, 85 S. Ct. 209, 13 L.Ed.2d 125 (1964)) (internal quotations omitted). In the present case, Pinkney does not identify any information that Officer Frum allegedly falsified in his affidavit to the magisterial district judge who issued the warrant. Likewise, Pinkney acknowledges that Officer Frum did not omit to disclose material information relevant to the issue of probable cause.

ECF No. 70, pp.15-16.

Based upon the foregoing, the Court found that "the facts alleged in the present case materially distinguish it from *Dempsey v. Bucknell Univ.*, 2012 WL 1569826 (M.D. Pa. May 3, 2012), where the District Court concluded that it could not resolve the issue of probable cause on the defendant campus security officers' motion to dismiss." In *Dempsey*, the exonerated plaintiff alleged that the campus security officers had "willfully and intentionally omitt[ed] material exculpatory information, and arrested Plaintiff Reed knowing that the information upon which they based the arrest was false...[,] that the officers knew about exculpatory and contradictory evidence, but ignored it...[and] that the officers interviewed a number of students, whose statements contradicted those of [the allege victim of the assault], and that the officers ignored those statements when deciding to file criminal charges." *Id.* at *7. Although the equivocation in the witness's identification of Pinkney appears less significant than the information allegedly misrepresented and omitted in *Dempsey*, it is sufficient to support a plausible claim that Frum's affidavit of probable cause was deficient. A second amended complaint replacing the allegations of definitive witness

5

identifications with this new information would align this case with the reasoning in *Watson v. Witmer*, 183 F. Supp. 3d 607, 610 (M.D. Pa. 2016), where the Court found that it was premature to determine the issue of probable cause on a Rule 12(b)(6) motion to dismiss. The Court further finds that the new information proffered by Pinkney raises issues that preclude dismissal of Counts II, III and IV of the Amended Complaint against Frum based upon qualified immunity at the pleading stage of this case.[3]

Finally, the Court must address Pinkney's failure to come forward with his new information until after the entry of judgment. Indeed, the information at issue is not simply new, it materially varies certain key factual allegations that Pinkney specifically made in his Amended Complaint, *see* ECF No. 50, ¶¶26, 27 ("The witness recognized [Pinkney] as the man that he saw punch Rhett Happel." "[B]oth times the witness identified [Pinkney] as the assailant."), and contradicts admissions by Pinkney during oral argument on the defendants' motions to dismiss. Pinkney asserts that he made his original allegations in reliance upon the accuracy of Frum's sworn statements in his affidavit of probable cause and that until he obtained the investigation report, he lacked a good faith basis to contest the accuracy or completeness of the affidavit. He also notes that unlike the affidavit of probable cause, which was available to him as a public record, criminal investigation reports, like the one at issue here, are treated as confidential and not readily obtainable. In response, Defendants argue that Pinkney could have filed an action in state court and conducted pre-complaint discover under the Pennsylvania Rules of Civil Procedure or served a request for production of documents pursuant to Fed. R. Civ. P. 34 in this case to obtain the report despite the pendency of their motions to dismiss. While Defendants' observations are correct, the Court does not believe that Pinkney's decision to defer discovery until a ruling on the Defendants' motions was dilatory or unreasonable.

---

[3] Of course, Frum is free to renew his claim to qualified immunity and to challenge Pinkney's constitutional claims against him by means of a motion for summary judgment upon a more complete record.

6

Finally, and most importantly, based upon Pinkney's proffered new evidence, the Court finds that the interests of justice require partial relief from judgment in this case and the granting of leave to Pinkney to file a second amended complaint incorporating his new information in support of his constitutional claims against Frum.

III.   Order

For the reasons set forth above, Plaintiff Kobe Pinkney's motion (ECF No. 72) pursuant to Fed. R. Civ. Pro. 60(b) is GRANTED as follows:

A. The Court's Orders at ECF Nos. 70 and 71 are vacated to the extent they dismissed Counts II, III and IV of Plaintiff's Amended Complaint against Defendant Jared Frum with prejudice, and Plaintiff is hereby granted leave to file a second amended complaint as to these claims within twenty (20) days of this Order;

B. The Court's Orders at ECF Nos. 70 and 71 are vacated to the extent they declined to exercise supplemental jurisdiction over Plaintiff state law claims against the Defendants and dismissed those claims without prejudice.  The Court will address the merits of Defendants' motions to dismiss the state law claims of Plaintiff's Amended Complaint by separate Opinion and Order; and

C. In all other respects, Plaintiff's motion [ECF No. 72] is DENIED.

IT IS SO ORDERED.

RICHARD A. LANZILLO
United States Magistrate Judge

Dated:       April 27, 2020